. 453 P.2d 548

**CAMELBACK PARTNERS, a limited co-partnership, Appellant,**

v.

**Joe WEBER et al., Appellees.**

**No. I CA–CIV 442.**

Court of Appeals of Arizona.
April 30, 1969.

Rehearing Denied May 27, 1969.
Review Denied June 24, 1969.

------·------

Herbert Mallamo and W. Francis Wilson, Phoenix, for appellant.

Forquer, Wolfe & Rosen, by Sidney B. Wolfe, Phoenix, and Allen L. Feinstein, Phoenix, for appellees.

CAMERON, Judge.

This is an appeal by the defendant from a judgment in a mortgage foreclosure action.

The action was hard-fought and most of the facts were contested in the trial court. The defendant raises some eight questions for consideration on appeal. We feel it necessary to consider only one question: Did the trial court abuse its discretion in denying defendant's motion for a continuance on the morning of the trial?

Prior to 15 December 1958, a limited partnership, Camelback Partners, was formed consisting of Ray Murphy as a limited partner and Arizona Hotels Corporation as the general partner. W. Francis Wilson was President of the Arizona Hotels Corporation and owned all of the stock of said corporation.

A realty mortgage was given by Camelback Partners to Joe Weber and Harold Weber and their wives, said mortgage on real property located in Maricopa County was to secure a note in the amount of $166,-250. The Webers brought suit in April 1963 to foreclose said mortgage. The defendant, represented by W. Francis Wilson, answered alleging that the interest of the plaintiff, Joe Weber, had merged in the fee, alleged that Joe Weber was not a party-plaintiff, denied the amounts owed, and for a counterclaim asserted the merger, interest in other property other than the subject property, claimed that Joe Weber was indebted to W. Francis Wilson in the sum of $50,000 in connection with an enter-

prise known as the Harquahala Enterprise, and asked for accounting between the parties covering an operation called the Dwyer Ranch. The defendant also asked for other relief.

Both sides filed affidavits of bias and prejudice as to resident Superior Court judges in the County of Maricopa. W. Francis Wilson withdrew as counsel and Mr. Marvin Johnson and Mr. Herbert Mallamo were substituted as attorneys of record. During this time several motions for continuance were made on behalf of the defendant which motions were opposed by the attorneys for the plaintiffs.

The matter was set for trial before a visiting judge in January 1965 and at that time Marvin Johnson, who was to try the case, was ill and could not attend. Herbert Mallamo asked for a continuance which was opposed by attorneys for the plaintiff. This motion was granted, the court stating:

"Let the record show that in this case, the record shows that there was a motion to withdraw a file by Mr. Wilson on November 27, and there was an order entered associating Mr. Johnson and Mr. Mallamo on November 27th. Then on December 7th, there was a motion for continuance filed by Mr. Johnson and Mr. Mallamo. It was granted at that time and the Court doesn't feel that there is anything in the file which would make this cause unique and that it needs the personal attention of Mr. Johnson, but because he is ill, the Court on its own motion will continue the matter for two weeks. The 10th day of February, is that satisfactory with all of you?

"MR. WILSON: That is satisfactory."

On 10 February 1965 the case was called to trial and Mr. Mallamo again asked for continuance pointing out that W. Francis Wilson, who was the President of Arizona Hotels Corporation, was involved in trial in another Division of the Maricopa County Superior Court which case had been in progress since Monday of that week. W. Francis Wilson was represented by Marvin

Johnson in that matter and the briefs indi-. cate that it was a divorce action in which W. Francis Wilson was a party and that it was also strongly contested. The motion for continuance was opposed and Mr. Mallamo stated:

> " * * * It is my opinion that the Defendant, Camelback Partners will be definitely prejudiced by proceeding with the trial in the absence of Mr. Wilson, who is the only party, to my knowledge, who has any facts on the defense side of this case relative to the issues under these pleadings."

The court denied the motion. The matter went to trial and the trial was conducted by Herbert Mallamo with W. Francis Wilson being able to appear the second day of the trial and testify.

The question before this Court is whether or not it was an abuse of discretion for the trial court to deny defendant's motion for a continuance.

■ This Court and the Arizona Supreme Court have held that the granting or denying of a motion for continuance is generally addressed to the sound discretion of the trial court. Miller v. Boeger, 1 Ariz. App. 554, 405 P.2d 573 (1965), Nordale v. Fisher, 93 Ariz. 342, 380 P.2d 1003 (1963). We believe, however, that under the facts in the instant case the denial of the motion was an abuse of the court's discretion. Mr. Mallamo had pointed out to the court previously:

> "I told Mr. Wilson I had a very limited time but being a brother lawyer, I would try to assist in any way I could, having in mind the limitations on my time and being available to do so. At that time he told me that I would only be employed to do some research, to help Mr. Johnson in the preparation of this case. And my function was to be exclusively in the legal research that was necessary to adequately prepare and present this matter to trial, and I confined my efforts to that purpose, exclusively. Other than one time, when we appeared on the motion for a continuance and this was to get the pleading in such shape that the matter could be adequately presented."

Although opposing counsel and the court may have properly felt that there had been too many delays before, there was nothing at the time of the motion for continuance of 10 February 1965 which would indicate that the motion was made in bad faith and was not well founded.

■ We do not believe that a counsel is required to be in two courts at the same time. Marvin Johnson was W. Francis Wilson's attorney in the divorce action and through no fault of his own found himself engaged in a trial in another Division of the same court on the day the instant case was called for trial. Under the circumstances he could not be present. W. Francis Wilson was the sole stockholder of Arizona Hotels, Inc., a general partner in the limited partnership. His presence was indispensable to aid any counsel in the defense of the action. The fact that he was in trial in another court was probably not of his own choosing and we believe it was an abuse of discretion for the trial court to deny a continuance at that time.

The matter is reversed and remanded to the trial court for a new trial at which time the parties may be represented by their counsel and may be allowed to appear. The pleadings as they existed prior to the trial are reinstated. Nothing we say herein shall preclude the parties on retrial from reframing their issues by proper pleading, subject to the approval of the trial court.

DONOFRIO, C. J., and STEVENS, J., concur.